MOLLY M. WHITE, Cal. Bar No. 171448
Email: whitem@sec.gov
LORRAINE B. ECHAVARRIA (Cal. Bar No. 191860)
Email: echavarrial@sec.gov
KAROL L.K. POLLOCK (Cal. Bar No. 77009)
Email: pollockk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 30 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUN EMPIRE, LLC, ECAM, LLC a/k/a EMPIRE CAPITAL ASSET MANAGEMENT, DELILAH A. PROCTOR and SHAUNTEL A. MCCOY,<br><br>Defendants,<br><br>SUN COMMERCE AND INVESTMENT, INFINITY INVESTMENT CLUB, LLC, SUNLAND INVESTMENT CLUB, LLC, RECOMMENDED SERVICES, INC., and TYCOON CLUB INTERNATIONAL, LLC,<br><br>Relief Defendants. | Case No. SACV 09-399 DOC (RNBx)<br><br>[~~PROPOSED~~] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; (5) REQUIRING ACCOUNTINGS; AND (6) REQUIRING REPATRIATION OF ASSETS |

This matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings; and to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (the "Application"). On April 2, 2009, the Court granted the Commission's Application and ordered the defendants to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver appointed in accordance with the complaint filed by the Commission.

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, the Memorandum of Points and Authorities Supporting Motion for Preliminary Injunction and Appointment of a Permanent Receiver and an Order Requiring Repatriation of Assets, the Reply Regarding Order to Show Cause Why a Preliminary Injunction Should be Granted and a Permanent Receiver Appointed, the Declarations and Exhibits, and other evidence and argument presented regarding the Application, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Good cause exists to believe that defendants Sun Empire, LLC ("Sun Empire"), ECAM, LLC ("ECAM"), Delilah Proctor ("Proctor"), and Shauntel McCoy ("McCoy"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D. Good cause exists to believe that defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's request for a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; and (6) Requiring Repatriation of Assets is hereby GRANTED as follows.

## II.

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Proctor, McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Proctor, McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

 A. employing any device, scheme or artifice to defraud;

 B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Sun Empire, ECAM, Proctor, McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

 A. transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or

        other real or personal property, wherever located, of defendants Sun Empire, ECAM, Proctor, and McCoy, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them;

B.   transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendants Sun Empire, ECAM, Proctor, and McCoy, or any of their subsidiaries or affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Sun Empire, ECAM, Proctor, McCoy, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., and Tycoon Club International, LLC, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| **Bank Name** | **Account Name** | **Account No.** |
|---|---|---|
| Wells Fargo Bank | Sunland Investment Club, LLC | XXXXXX9567 |
| Wells Fargo Bank | Sunland Investment Club, LLC | XXXXXX5235 |
| Wells Fargo Bank | Sun Empire, LLC | XXXXXX3829 |
| Wells Fargo Bank | Sun Empire, LLC | XXXXXX3803 |

4

| # | | | |
|---|---|---|---|
| 1 | Wells Fargo Bank | Sun Empire, LLC | XXXXXX9490 |
| 2 | Wells Fargo Bank | Sun Empire, LLC | XXXXXX3811 |
| 3 | Wells Fargo Bank | D'Quadrant Strategies, LLC | XXXXXX4902 |
| 4-5 | Wells Fargo Bank | Sun Commerce & Investment | XXXXXX5427 |
| 6-7 | Wells Fargo Bank | Sun Commerce & Investment | XXXXXX5435 |
| 8-9 | Wells Fargo Bank | Sun Commerce & Investment | XXXXXX6717 |
| 10-11 | Wells Fargo Bank | Sun Commerce & Investment | XXXXXX6725 |
| 12-13 | Wells Fargo Bank | Sun Commerce & Investment | XXX-XXX0321 |
| 14 | Wells Fargo Bank | Sun Celebrity, LLC | XXXXXX1719 |
| 15 | Wells Fargo Bank | Sun Celebrity, LLC | XXXXXX2410 |
| 16-17 | Wells Fargo Bank | Innovative Business Holdings | XXXXXX3148 |
| 18-19 | Wells Fargo Bank | Innovative Business Holdings | XXXXXX0938 |
| 20-21 | Wells Fargo Bank | The Real McCoy Realty & Lending | XXXXXX0679 |
| 22 | Wells Fargo Bank | Sun Celebrity | XXXXXX4462 |
| 23 | Wells Fargo Bank | Sun Celebrity | XXXXXX8079 |
| 24 | Wells Fargo Bank | Discovermee.com | XXXXXX3983 |
| 25 | Wells Fargo Bank | Discovermee.com | XXXXXX5841 |
| 26 | Wells Fargo Bank | Baja Energy, LLC | XXXXXX4047 |
| 27 | Wells Fargo Bank | Baja Energy, LLC | XXXXXX8779 |
| 28 | Wells Fargo Bank | Cattleya Investments, Inc. | XXXXXX3464 |

| # | Bank | Account Holder | Account # |
|---|---|---|---|
| 1 | Wells Fargo Bank | Delilah A. Proctor | XXXXXX0368 |
| 2 | Wells Fargo Bank | Delilah A. Proctor | XXXXXX4303 |
| 3 | Wells Fargo Bank | Nara Ventures, LLC | XXXXXX3753 |
| 4-5 | Wells Fargo Bank | Empire Wealth Solutions LLC | XXXXXX4328 |
| 6-7 | Wells Fargo Bank | Empire Wealth Solutions LLC | XXXXXX8613 |
| 8 | Wells Fargo Bank | Baja Sand and Gravel LLC | XXXXXX4310 |
| 9 | Wells Fargo Bank | Baja Sand and Gravel LLC | XXXXXX8761 |
| 10 | Wells Fargo Bank | Baja Equities, LLC | XXXXXX4302 |
| 11 | Wells Fargo Bank | Baja Equities, LLC | XXXXXX8753 |
| 12-13 | Wells Fargo Bank | Infinity Investment Club LLC | XXXXXX7315 |
| 14-15 | Wells Fargo Bank | Tycoon Club International LLC | XXXXX7570 |
| 16 | Wells Fargo Bank | Recommended Services Inc. | XXXXXX8003 |
| 17 | Wells Fargo Bank | Recommended Services Inc. | XXXXXX0807 |
| 18 | Bank of America | ECAM, LLC | XXXXXX6957 |
| 19 | Bank of America | ECAM, LLC | XXXXXX6956 |
| 20 | Bank of America | ECAM, LLC | XXXXXX6955 |
| 21 | Bank of America | Delilah A. Proctor | XXXXXX7451 |
| 22 | Bank of America | Delilah A. Proctor | XXXXXX7639 |
| 23-24 | Community Bank of Nevada | Empire Club, Inc. | XXXXXX3999 |
| 25-26 | Community Bank of Nevada | D'Quadrant Strategies LLC | XXXXXX2488 |
| 27-28 | Community Bank of Nevada | Cattleya Investments LLC | XXXXXX2453 |

6

| | | |
|---|---|---|
| Metro Bank NA | Greenland Holdings LP | XXXXXX0547 |
| Metro Bank NA | Greenland Holdings LP | XXXXXX9986 |
| Union Bank of California | Baja Sand & Gravel | XXXXXX6262 |

## VI.

IT IS FURTHER ORDERED that Richard Weissman is appointed as the permanent receiver of Sun Empire, ECAM, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property belonging to, being managed by, or in the possession or control of Sun Empire, ECAM, and any of their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Sun Empire, ECAM, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Sun Empire and ECAM, property, and that of their subsidiaries and affiliates, at:
    1) Sun Empire, 631 West Katella Avenue, Suite 500, Anaheim, California; 2) ECAM, 5820 Miramar Rd., Suite 210, San Diego, California;

    B.    to have control of, and to be added as the sole authorized signatory for all accounts of the Sun Empire, ECAM, and their subsidiaries and affiliates, including all accounts over which Sun Empire, ECAM, and any of their officers, employees or agents have signatory authority, at

      any bank, title company, escrow agent, financial institution or brokerage firm that has possession, custody or control of any assets or funds of Sun Empire, ECAM, and their subsidiaries and affiliates, or which maintains accounts over which Sun Empire, ECAM, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of, or managed by, Sun Empire, ECAM, and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of, or managed by, Sun Empire, ECAM, and their subsidiaries and affiliates;

E.   to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Sun Empire and ECAM, and the assets under their management, and to file the accounting with the Court and deliver copies thereof to all parties;

F.   to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G.   to employ attorneys, accountants, and others to investigate, advise, and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or

|    |    |    |
|----|----|----|
| 1  |    | hereafter exist as a result of the activities of present or past employees |
| 2  |    | or agents of Sun Empire, ECAM, and their subsidiaries and affiliates; |
| 3  | H. | to have access to and monitor all mail, including electronic mail, of |
| 4  |    | Sun Empire and ECAM, in order to review such mail and electronic |
| 5  |    | mail which he deems relevant to the business of Sun Empire and |
| 6  |    | ECAM, and the discharging of his duties as permanent receiver, and |
| 7  |    | to make appropriate notification to the United States postal Service to |
| 8  |    | forward delivery of any mail addressed to Sun Empire, ECAM, or |
| 9  |    | their subsidiaries and affiliates; and |
| 10 | I. | to exercise all of the lawful powers of Sun Empire, ECAM, and their |
| 11 |    | officers, directors, employees, representatives, or persons who |
| 12 |    | exercise similar powers and perform similar duties. |

## VII.

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Proctor, and McCoy, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by Sun Empire, ECAM, or any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Sun Empire, ECAM, Proctor, and McCoy shall take any action or purport to take any action, in the name of or on behalf of Sun Empire and ECAM, without the written consent of the permanent receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note

holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Sun Empire, ECAM, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Sun Empire and/or ECAM; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Sun Empire, ECAM, or any of their subsidiaries or affiliates, or in any way to interfere with or harass the permanent receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## X.

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., and Tycoon Club

International, LLC, Proctor, and McCoy, and their subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties, or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XI.

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Proctor, and McCoy, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

## XIII.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Sun Empire, ECAM, and their subsidiaries and affiliates, and any other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Sun Empire, ECAM, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., Tycoon Club International, LLC, Proctor, and McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including any other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Sun Empire, ECAM, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., Tycoon Club International, LLC, Proctor, and McCoy.

## XV.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may take

depositions of defendants and non-parties upon oral examination subject to two calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the defendants may be taken on any day, including Saturdays, Sundays and holidays subject to two calendar days notice, including notice given personally, by facsimile or by electronic mail, and the Commission may take more than ten depositions. The Commission shall not take the depositions of Shauntel McCoy or Delilah Proctor until after resolution of the Motion for Stay ("Motion"), which is set for hearing at 8:30 a.m. on May 21, 2009.

## XVI.

IT IS FURTHER ORDERED that defendants Proctor, McCoy, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., and Tycoon Club International, LLC shall, within five days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the attention of Molly M. White at the Commission's Los Angeles Regional Office, at 5670 Wilshire Blvd., 11th Floor, Los Angeles, California 90036. After completion of the accountings, Proctor, McCoy, Sun Commerce and Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC, Recommended Services, Inc., and Tycoon Club International, LLC shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accountings. Defendants and Relief Defendants shall be relieved from the provisions in this Section (Section XVI), pending resolution of the Motion set for

hearing at 8:30 a.m. on May 21, 2009. Defendants and Relief Defendants shall make a good faith effort to provide the Commission and the permanent receiver with relevant business records to the extent that production of the documents does not violate any constitutional rights or privileges.

### XVII.

IT IS FURTHER ORDERED that Sun Empire, ECAM, Proctor and McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 48 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendants Proctor and McCoy, they shall, within 48 hours of the issuance of this Order, prepare and deliver to the permanent receiver a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by them for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The temporary receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs. Defendants and Relief Defendants shall be relieved from the provisions in this Section (Section XVII), pending resolution of the Motion set for hearing at 8:30 a.m. on May 21, 2009.

### XVIII.

IT IS FURTHER ORDERED that defendants Sun Empire, ECAM, Proctor and McCoy, and their officers, agents, servants, employees, attorneys, subsidiaries

and affiliates, including the other entities in receivership, shall, within 48 hours of the issuance of this Order, cause to be prepared and delivered to the temporary receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant) operated by or to which Sun Empire and ECAM has access. Defendants and Relief Defendants shall be relieved from the provisions in this Section (Section XVIIII), pending resolution of the Motion set for hearing at 8:30 a.m. on May 21, 2009.

## XIX.

IT IS FURTHER ORDERED that within ten days form the date of this Order, Defendants Sun Empire, ECAM, Proctor, and McCoy, and each of them, shall transfer to the permanent receiver assets, funds, and other property held in foreign locations in the name of Sun Empire, ECAM, Proctor, and McCoy, for the benefit or under the direct or indirect control of any of them, or over which any of them exercise control or signatory authority. Defendants and Relief Defendants shall be relieved from the provisions in this Section (Section XIX), pending resolution of the Motion set for hearing at 8:30 a.m. on May 21, 2009.

## XX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:   April 30, 2009

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE