MOLLY M. WHITE, Cal. Bar No. 171448
Email: whitem@sec.gov
LORRAINE B. ECHAVARRIA (Cal. Bar No. 191860)
Email: echavarrial@sec.gov
KAROL L.K. POLLOCK (Cal. Bar No. 77009)
Email: pollockk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUN EMPIRE, LLC, ECAM, LLC a/k/a EMPIRE CAPITAL ASSET MANAGEMENT, DELILAH A. PROCTOR, SHAUNTEL A. MCCOY, SUN INVESTMENT SAVINGS AND LOAN, SUN GROUP, BICH QUYEN NGUYEN, and JOHNNY E. JOHNSON,<br><br>Defendants,<br><br>SUN COMMERCE AND INVESTMENT, INFINITY INVESTMENT CLUB, LLC, SUNLAND INVESTMENT CLUB, LLC, RECOMMENDED SERVICES, INC., and TYCOON CLUB INTERNATIONAL, LLC,<br><br>Relief Defendants. | Case No. SACV 09-399 DOC (RNBx)<br><br>**PRELIMINARY INJUNCTION AGAINST SUN INVESTMENT SAVINGS AND LOAN, SUN GROUP, BICH QUYEN NGUYEN, AND JOHNNY E. JOHNSON, AND ORDERS:**<br>**(1) FREEZING ASSETS;**<br>**(2) APPOINTING RICHARD WEISSMAN AS PERMANENT RECEIVER; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; AND**<br>**(5) SETTING HEARING REGARDING APPLICATION FOR AN ORDER RE ANCILLARY RELIEF** |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's *Ex Parte* Application for Temporary Restraining Order Against Sun Investment Savings and Loan, Sun Group, Bich Quyen Nguyen, and Johnny E. Johnson, and Orders:  (1) Freezing Assets; (2) Appointing Richard Weissman as Temporary Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Requiring Accountings; (6) Repatriating Assets; and (7) Requiring the Surrender of Nguyen's and Johnson's Passports, and an Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (the "Application").  On May 13, 2009, the Court granted the Securities and Exchange Commission's Application and ordered Sun Investment Savings and Loan ("SISL"), Sun Group, Bich Quyen Nguyen ("Nguyen") and Johnny E. Johnson ("Johnson") to show cause, if there be any, why a preliminary injunction should not be granted and a permanent receiver appointed in accordance with the Second Amended Complaint filed by the Securities and Exchange Commission ("Commission").

On May 26, 2009, the Commission, counsel for Nguyen and Johnson, and the temporary receiver over SISL and Sun Group filed a Stipulation Regarding Preliminary Injunction Against Sun Investment Savings and Loan, Sun Group, Bich Quyen Nguyen, and Johnny E. Johnson, and Orders: (1) Freezing Assets; (2) Appointing Richard Weissman as Permanent Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; and (5) Setting Hearing Regarding Application for an Order Re Ancillary Relief ("May 26, 2009 Stipulation").  The Court, having considered the Second Amended Complaint, the Application, the supporting Memorandum of Points and Authorities, the First Interim Report by Receiver and Declaration of Richard Weissman, the Declaration of Molly White, the Declaration of Michael Lim, the Declaration of Dora Zaldivar, the Declaration of Joseph Ramirez, the Exhibits, and the May 26, 2009 Stipulation, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendants SISL, Sun Group, Nguyen, and Johnson, and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), & 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) & 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D. Good cause exists to believe that defendants SISL, Sun Group, Nguyen, and Johnson will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

**I.**

IT IS HEREBY ORDERED that the Commission's request for a Preliminary Injunction Against Sun Investment Savings and Loan, Sun Group, Bich Quyen Nguyen, and Johnny E. Johnson, and Orders: (1) Freezing Assets, (2) Appointing Richard Weissman as Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, (5) Requiring Accountings; (6) Repatriating Assets; and (7) Requiring the Surrender of Nguyen's and Johnson's Passports is GRANTED as follows.

**II.**

IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen, and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them

who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### III.

IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen, and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or

instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen, and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, defendants SISL, Sun Group, Nguyen, and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, by use of the mails or means of instrumentalities of interstate commerce effecting transactions in, inducing or attempting to induce, the purchase or sale of securities, without being registered as a broker or dealer in accordance with Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a)

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants SISL, Sun Group, Nguyen, and Johnson and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants SISL, Sun Group, Nguyen, or Johnson, or their subsidiaries or affiliates (including but not limited to Sun Commerce and Investment), owned by, controlled by, managed by or in the possession or custody of any of them;

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendants SISL, Sun

Group, Nguyen, or Johnson, or any of their subsidiaries or affiliates (including but not limited to Sun Commerce and Investment).

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by SISL, Sun Group, Nguyen, or Johnson, or any entity affiliated with any of them (including but not limited to Sun Commerce and Investment).

## VIII.

IT IS FURTHER ORDERED that Richard Weissman is appointed as permanent receiver of SISL, Sun Group, and their subsidiaries and affiliates, including but not limited to Sun Commerce and Investment, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of SISL, Sun Group, and their subsidiaries and affiliates, including but not limited to Sun Commerce and Investment, and that such receiver is immediately authorized, empowered and directed:

  A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located,

|   |   |   |
|---|---|---|
| 1 |   | of or managed by SISL, Sun Group, and their subsidiaries and |
| 2 |   | affiliates, including but not limited to Sun Commerce and Investment, |
| 3 |   | with full power to sue, foreclose, marshal, collect, receive, and take |
| 4 |   | into possession all such property including access to and taking |
| 5 |   | custody, control, and possession of all such SISL and Sun Group |
| 6 |   | property, and that of their subsidiaries and affiliates, including but not |
| 7 |   | limited to 1520 McCandless Drive, Milpitas, California;; |
| 8 | B. | to have control of, and to be added as the sole authorized signatory |
| 9 |   | for, all accounts of the entities in receivership, including all accounts |
| 10 |   | at any bank, title company, escrow agent, financial institution or |
| 11 |   | brokerage firm (including any futures commission merchant) which |
| 12 |   | has possession, custody or control of any assets or funds of SISL, Sun |
| 13 |   | Group, and their subsidiaries and affiliates, including but not limited |
| 14 |   | to Sun Commerce and Investment, or which maintains accounts over |
| 15 |   | which SISL, Sun Group, and their subsidiaries and affiliates, and/or |
| 16 |   | any of their employees or agents have signatory authority; |
| 17 | C. | to conduct such investigation and discovery as may be necessary to |
| 18 |   | locate and account for all of the assets of or managed by SISL, Sun |
| 19 |   | Group, and their subsidiaries and affiliates, including but not limited |
| 20 |   | to Sun Commerce and Investment, and to engage and employ |
| 21 |   | attorneys, accountants and other persons to assist in such investigation |
| 22 |   | and discovery; |
| 23 | D. | to take such action as is necessary and appropriate to preserve and |
| 24 |   | take control of and to prevent the dissipation, concealment, or |
| 25 |   | disposition of any assets of or managed by SISL, Sun Group, and their |
| 26 |   | subsidiaries and affiliates, including but not limited to Sun Commerce |
| 27 |   | and Investment; |
| 28 |   |   |

  E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of SISL, Sun Group, and to file the accounting with the Court and deliver copies thereof to all parties;

  F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver;

  G. to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of SISL, Sun Group, and their subsidiaries and affiliates; and

  H. to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his duties as permanent receiver.

  I. to exercise all of the lawful powers of SISL, Sun Group, and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that defendants Nguyen, SISL, Sun Group, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in

receivership, shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of SISL, Sun Group, Nguyen, and Johnson shall take any action or purport to take any action, in the name of or on behalf of SISL or Sun Group, without the written consent of the permanent receiver or order of this Court.

## XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from SISL, Sun Group, Nguyen, or Johnson, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of SISL, Sun Group, Nguyen, and Johnson; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed

hereunder of the property and assets owned, controlled or managed by or in the possession of SISL, Sun Group, Nguyen, or Johnson, or in any way to interfere with or harass the permanent receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen, and Johnson, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIII.

IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen, and Johnson, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**XIV.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

**XV.**

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of SISL, Sun Group, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

**XVI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants SISL, Sun Group, Nguyen, and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including any other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants Sun Empire, LLC, ECAM, LLC a/k/a Empire Capital Asset

1 Management, Delilah A. Proctor, Shauntel A McCoy, Sun Investment Savings and
2 Loan, Sun Group, Nguyen, or Johnson, or Relief Defendants Sun Commerce and
3 Investment, Infinity Investment Club, LLC, Sunland Investment Club, LLC,
4 Recommended Services, Inc., and Tycoon Club International, LLC, and their
5 subsidiaries and affiliates.

## XVII.

7   IT IS FURTHER ORDERED that the Commission's application for
8 expedited discovery be and hereby is granted and that the Commission may take
9 depositions of defendants and non-parties upon oral examination subject to two
10 calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil
11 Procedure, that the Commission may take more than one deposition at the same
12 time, that depositions of the defendants may be taken on any day, including
13 Saturdays, Sundays and holidays subject to two calendar days notice, including
14 notice given personally, by facsimile or by electronic mail, and the Commission
15 may take more than ten depositions.

## XVIII.

17   IT IS FURTHER ORDERED that defendants SISL, Sun Group, Nguyen,
18 and Johnson, and their officers, agents, servants, employees, attorneys, subsidiaries
19 and affiliates, including the other entities in receivership, shall, within 24 hours of
20 the issuance of this Order, cause to be prepared and delivered to the permanent
21 receiver, a detailed and complete schedule of all passwords, usernames, and
22 identification numbers for all web sites, email accounts, and all accounts at any
23 bank, financial institution or brokerage firm (including any futures commission
24 merchant) operated by or to which SISL, Sun Group, Sun Empire, and/ or ECAM
25 has access.

## XIX.

27   IT IS FURTHER ORDERED that this Court shall retain jurisdiction over
28 this action for the purpose of implementing and carrying out the terms of all orders

13

1 and decrees which may be entered herein and to entertain any suitable application
2 or motion for additional relief within the jurisdiction of this Court.

### XX.

IT IS FURTHER ORDERED that the hearing that is currently set for 8:00 a.m. on May 27, 2009 is taken off calendar. The Court shall hear the Commission's Application for an order requiring accountings, requiring the identification of computers and other devices that store electronic information, requiring the repatriation of assets, and requiring the surrender of Nguyen's and Johnson's passports ("Order re Ancillary Relief") at 8:30 a.m. on Monday, June 15, 2009, or as soon thereafter as the matter may be heard. Defendants Nguyen and Johnson shall file and serve any opposition to the Commission's Application for an Order re Ancillary Relief by 5:00 p.m. on Thursday, June 4, 2009. The Commission shall file and serve any reply brief regarding the Commission's Application for an Order re Ancillary Relief by 5:00 p.m. on Wednesday, June 10, 2009.

DATED: May 26, 2009

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

14