O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. SACV 09-399 DOC (RNBx) |
|---|---|
| Plaintiff(s), | **O R D E R** DENYING MOTIONS FOR INTERVENTION FOR LIMITED PURPOSE OF RELEASE OF FROZEN FUNDS IN WELLS FARGO ACCOUNT |
| v. | |
| SUN EMPIRE, LLC, et al., | |
| Defendant(s). | |

Before the Court are seventeen Motions for Intervention for Limited Purpose of Release of Frozen Funds in Wells Fargo Account (the "Motions") filed by non-parties to this action. The Motions are identified by docket numbers 124, 125, 126, 127, 129, 131, 132, 133, 134, 135, 136, 146, 147, 148, 149, 150, and 151. Movants seek to intervene for the limited purpose of recapturing funds they claim to have deposited in a now-frozen Wells Fargo account in the name of "Sun Celebrity LLC" with an account number ending in 1719 (the "Sun Celebrity account"). After considering the moving and opposing papers, as well as the parties' oral argument, the Court hereby DENIES the Motions.

**A.    Background**

The Securities and Exchange Commission ("SEC") filed this action on April 2, 2009 against Defendants Sun Empire, LLC, Empire Capital Asset Management, LLC ("ECAM"), Delilah Proctor, and Shauntel McCoy ("Defendants"). The SEC alleges that the Defendants have been engaged in the fraudulent offer and sale of more than $9 million dollars in unregistered securities. The SEC further alleges that Defendants have perpetrated a multi-level marketing, Ponzi-like scheme in which they solicit investors, falsely promise high returns on investments and misrepresent the nature of the investments, and then use the raised money to pay personal expenses and prior investors.

The mechanics of the alleged scheme are complicated. The SEC specifically alleges that Defendants induced individual investors to form "private investment clubs" by pooling their resources to invest in various high yield investments. These investments were funneled through Defendant entities Sun Empire, LLC ("Sun Empire") and ECAM, both of which were managed by Defendants Proctor and McCoy. One of the largest investments was a purported certificate of deposit ("CD") with Sun Investments Savings and Loan ("SISL"), an ostensible Swiss Bank. At least five investment clubs invested more than $8 million in SISL. Because SISL was not a Swedish bank and the investors' money was not actually invested in a high yield vehicle, only $46,941.39 remained in SISL's bank account when the Commission froze SISL's assets. SISL is alleged to have been a Ponzi scheme designed to pad Defendants' pockets and mis appropriate investors' assets.

An ancillary issue in this lawsuit concerns an investment vehicle by the name of Sun Celebrity. Sun Celebrity is alleged to have been a separate investment fund hatched by Defendant Shauntel McCoy ("McCoy") and a nonparty, Su-Chih Brewer ("Brewer"). To become a member of the Sun Celebrity fund, an investor had to raise $10,000 in capital to be invested in Sun Celebrity. After time, Sun Celebrity became a funnel for several different investments, each of which was composed of some combination of investors, all of whom contributed to the Sun Celebrity account.

Movants are investors who contributed funds to the Sun Celebrity Account for a limited

investment.  Movants seek to recapture funds they deposited in the Sun Celebrity Account on the grounds that the frozen account is not part of the Receivership Estate, because the funds in the account have not yet been linked to the alleged fraudulent activities of Defendants.

There was some dispute at the hearing about the precise investment for which Movants' funds were earmarked.  Based on the exhibits attached to the pleadings on this Motion, the Court found that Movants' funds were reserved for the inchoate lease of a $10 million CD from a company named Recommended Services.  Indeed, the SEC states that this is the case.  *See* Am. Opp'n at 9:2-8 ("The Commission understands the motions to be a request that the Court release the bank account, so that the last investors **who intended to pool their money for the CD from Recommended Services** would receive the money.") (emphasis added); *see also* Ex. 5 to White Decl. at 54 ("Q: And these were deposits from investors **to be used to lease the certificate of deposit from Recommended Services**? A. Correct.") (emphasis added); Ex. 15 to White Decl. (identifying Movants as investors in Recommended Services).  At the hearing on this matter, the Appointed Receiver Mr. Richard Weissman ("Receiver") stated that the funds were actually held for another investment.  The precise investment for which the funds were held in the Sun Celebrity account is immaterial to the Court's consideration of the instant Motions.  However, the conflicting answers delivered by the SEC and the Receiver concerns the Court greatly.  The Receiver and SEC are encouraged to improve upon their efforts at communication.

**B.     Discussion**

At the October 6, 2009 Scheduling Conference, the Court admonished several non-party investors who had flooded the Court with petitions for the release of certain funds that were frozen pursuant to the April 2, 2009 Preliminary Injunction Order.  Specifically, the Court stated that: "the purpose of the instant lawsuit in many respects is to protect the investing public, which potentially is you; furthermore, the main reason for the asset freeze was and is to preserve the assets for ultimate investor recovery."

For these very reasons – *i.e.*, the need for a resolution on the merits and the Receiver's interest in the investigation of the funds – the instant Motions are premature.  Movants attempt to distinguish these Motions from previous petitions on the grounds that the

Sun Celebrity account is not part of the Receivership Estate. However, the Receiver has not completed his investigation of the account's funds to determine if, and to what extent, they were comingled with assets controlled by Defendants. In addition, even if the accounts were unfrozen and the funds disbursed, there is no way (at this time) to determine the proper allocation of the funds among the many investors.

Moreover, the unfreezing of the Sun Celebrity funds prior to the resolution of this lawsuit benefits one set of investors but not many others, who also may have nothing to do with the underlying facts of this lawsuit. As the SEC argues in its Opposition brief, a summary claims proceeding after the merits of the lawsuit "would allow the receiver and the Court to consider the claims of *all* investors – not just a few – at the same time."

The Court recognizes the distress Movants feel as a result of what they perceive to be the unncessary freezing of their funds. At the same time, the Court encourages these investors to allow the investigation to be completed, so that the rights of *all* investors alleged to have been implicated by the scheme at issue can be protected. The Court moreover appreciates the Receiver's representation at the hearing on this matter that he has, and will continue to, respond to investors in a timely and clear manner, and will apprise the Court of the progress of the investigation of the frozen funds.

**C.     Disposition**

For the foregoing reasons, the Court hereby DENIES the Motions.

IT IS SO ORDERED.

DATED: February 3, 2010

_____
DAVID O. CARTER
United States District Judge

4