|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV09-399 DOC (RNBx) |
| Plaintiff, | **JUDGMENT OF PERMANENT INJUNCTION AGAINST SHAUNTEL A. MCCOY** |
| vs. | |
| SUN EMPIRE, LLC, ECAM, LLC a/k/a EMPIRE CAPITAL ASSET MANAGEMENT, DELILAH A. PROCTOR, SHAUNTEL A. MCCOY, SUN INVESTMENT SAVINGS AND LOAN, SUN GROUP, BICH QUYEN NGUYEN, and JOHNNY E. JOHNSON, | |
| Defendants, | |
| SUN COMMERCE AND INVESTMENT, INFINITY INVESTMENT CLUB, LLC, SUNLAND INVESTMENT CLUB, LLC, RECOMMENDED SERVICES, INC., and TYCOON CLUB INTERNATIONAL, LLC, | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Shauntel A. McCoy ("McCoy") having entered a general appearance; consented to the Court's jurisdiction over McCoy and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that McCoy and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that McCoy and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal

1 service or otherwise are permanently restrained and enjoined from violating
2 Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §
3 77q(a), in the offer or sale of any security by the use of any means or instruments
4 of transportation or communication in interstate commerce or by use of the mails,
5 directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that McCoy and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or

|   |   |
|---|---|
| 1 | communication in interstate commerce or of the mails to offer to sell |
| 2 | or offer to buy through the use or medium of any prospectus or |
| 3 | otherwise any security, unless a registration statement has been filed |
| 4 | with the Commission as to such security, or while the registration |
| 5 | statement is the subject of a refusal order or stop order or (prior to the |
| 6 | effective date of the registration statement) any public proceeding or |
| 7 | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

### IV.

8  
9   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that McCoy
10  and her agents, servants, employees, attorneys, and all persons in active concert or
11  participation with them who receive actual notice of this Judgment by personal
12  service or otherwise are permanently restrained and enjoined from violating,
13  directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, which
14  makes it unlawful for any broker or dealer which is either a person other than a
15  natural person or a natural person, to make use of the mails or any means or
16  instrumentality of interstate commerce to effect any transactions in, or to induce or
17  attempt to induce the purchase or sale of, any security (other than an exempted
18  security or commercial paper, bankers' acceptances, or commercial bills) unless
19  such broker or dealer is registered in accordance with subsection (b) of Section 15,
20  15 U.S.C. § 78o(b).

### V.

22   IT IS FURTHER ORDERED AND DECREET THAT upon motion of the
23  Commission, the Court shall determine whether it is appropriate to order
24  disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of
25  the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act,
26  15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil
27  penalty.  If disgorgement is ordered, McCoy shall pay prejudgment interest
28  thereon, calculated from October 15, 2008, based on the rate of interest set forth in

28 U.S.C. § 1961.  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) McCoy will be precluded from arguing that she did not violate the federal securities laws as alleged in the Complaint; (b) McCoy may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that McCoy shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and to determine disgorgement, prejudgment interest, and any civil penalty.

Dated: July _9, 2010

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE