MOLLY M. WHITE (Cal. Bar No. 171448)
Email: whitem@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>       vs.<br><br>SUN EMPIRE, LLC, ECAM, LLC a/k/a EMPIRE CAPITAL ASSET MANAGEMENT, DELILAH A. PROCTOR, SHAUNTEL A. MCCOY, SUN INVESTMENT SAVINGS AND LOAN, SUN GROUP, BICH QUYEN NGUYEN, and JOHNNY E. JOHNSON,<br><br>            Defendants,<br><br>SUN COMMERCE AND INVESTMENT, INFINITY INVESTMENT CLUB, LLC, SUNLAND INVESTMENT CLUB, LLC, RECOMMENDED SERVICES, INC., and TYCOON CLUB INTERNATIONAL, LLC,<br><br>            Relief Defendants. | Case No. SACV09-399 DOC (RNBx)<br><br>[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANTS SUN EMPIRE, LLC, ECAM, LLC A/K/A EMPIRE CAPITAL ASSET MANAGEMENT, SUN INVESTMENT SAVINGS AND LOAN, AND SUN GROUP |

1 | The Securities and Exchange Commission having filed a Complaint and
2 | Defendants Sun Empire, LLC, ECAM, LLC a/k/a Empire Capital Asset
3 | Management, Sun Investment Savings and Loan, and Sun Group (collectively the
4 | "Entity Defendants"), having entered a general appearance; consented to the
5 | Court's jurisdiction over the Entity Defendants and the subject matter of this
6 | action; consented to entry of this Judgment without admitting or denying the
7 | allegations of the Complaint (except as to jurisdiction); waived findings of fact and
8 | conclusions of law; and waived any right to appeal from this Judgment; and
9 | Richard Weissman having been appointed permanent receiver over the Entity
10 | Defendants:

11 | I.

12 | IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Entity
13 | Defendants and their agents, servants, employees, attorneys, and all persons in
14 | active concert or participation with them who receive actual notice of this Final
15 | Judgment by personal service or otherwise are permanently restrained and enjoined
16 | from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act
17 | of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated
18 | thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of
19 | interstate commerce, or of the mails, or of any facility of any national securities
20 | exchange, in connection with the purchase or sale of any security:

21 | (a) to employ any device, scheme, or artifice to defraud;

22 | (b) to make any untrue statement of a material fact or to omit to state a
23 | material fact necessary in order to make the statements made, in the
24 | light of the circumstances under which they were made, not
25 | misleading; or

26 | (c) to engage in any act, practice, or course of business which operates or
27 | would operate as a fraud or deceit upon any person.

28 | ///

1

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or

1          causing to be carried through the mails or in interstate commerce, by

2          any means or instruments of transportation, any such security for the

3          purpose of sale or for delivery after sale; or

4    (c)   Making use of any means or instruments of transportation or

5          communication in interstate commerce or of the mails to offer to sell

6          or offer to buy through the use or medium of any prospectus or

7          otherwise any security, unless a registration statement has been filed

8          with the Commission as to such security, or while the registration

9          statement is the subject of a refusal order or stop order or (prior to the

10         effective date of the registration statement) any public proceeding or

11         examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

12                                   IV.

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

14 Entity Defendants and their agents, servants, employees, attorneys, and all persons

15 in active concert or participation with them who receive actual notice of this

16 Judgment by personal service or otherwise are permanently restrained and enjoined

17 from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C.

18 § 78o, which makes it unlawful for any broker or dealer which is either a person

19 other than a natural person or a natural person, to make use of the mails or any

20 means or instrumentality of interstate commerce to effect any transactions in, or to

21 induce or attempt to induce the purchase or sale of, any security (other than an

22 exempted security or commercial paper, bankers' acceptances, or commercial bills)

23 unless such broker or dealer is registered in accordance with subsection (b) of

24 Section 15, 15 U.S.C. § 78o(b).  This paragraph does not preclude cooperation

25 with the Commission or the receiver in the operation of, or attempts to recover

26 monies related to, any of the entities listed above.

27                                   V.

28      IT IS FUTHER ORDERED, ADJUDGED AND DECREED that upon

1  motion of the Commission, the Court shall determine whether it is appropriate to

2  order disgorgement of ill-gotten gains, prejudgment interest and/or a civil penalty

3  pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section

4  21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of

5  the disgorgement, prejudgment interest and/or civil penalty. If ordered by the

6  Court prejudgment interest shall be calculated pursuant to 28 U.S.C. § 1961. In

7  connection with the Commission's motion for disgorgement, prejudgment interest

8  and/or civil penalties, and at any hearing held on such a motion: (a) the Entity

9  Defendants will be precluded from arguing that they did not violate the federal

10  securities laws as alleged in the Complaint; (b) the Entity Defendants may not

11  challenge the validity of the Consent or this Judgment; (c) solely for the purposes

12  of such motion, the allegations of the Complaint shall be accepted as and deemed

13  true by the Court; and (d) the Court may determine the issues raised in the motion

14  on the basis of affidavits, declarations, excerpts of sworn deposition or

15  investigative testimony, and documentary evidence, without regard to the standards

16  for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

17  Procedure. In connection with the Commission's motion for disgorgement,

18  prejudgment interest and/or civil penalties, the parties may take discovery,

19  including discovery from appropriate non-parties.

20                                      VI.

21         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

22  provisions of the Consent filed concurrently with this Judgment are incorporated

23  herein with the same force and effect as if fully set forth herein and that the Entity

24  Defendants shall comply with the Consent.

25

26                                     VII.

27         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the asset

28  freezes provided for in (a) the April 30, 2009 Preliminary Injunction and Orders:

1  (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the

2  Destruction of Documents; (4) Granting Expedited Discovery; (5) Requiring

3  Accountings; and (6) Requiring Repatriation of Assets; and (b) the May 26, 2009

4  Preliminary Injunction Against Sun Investment Savings and Loan, Sun Group,

5  Bich Quyen Nguyen, and Johnny E. Johnson, and Orders: (1) Freezing Assets; (2)

6  Appointing Richard Weissman as Permanent Receiver; (3) Prohibiting the

7  Destruction of Documents; (4) Granting Expedited Discovery; and (5) Setting

8  Hearing Regarding Application for an Order re Ancillary Relief, shall remain in

9  full force and effect, until further order of this Court.  It is further ordered that,

10  pursuant to those Orders, Receiver Richard Weissman is authorized to execute on

11  behalf of the Entity Defendants the Consent to Entry of Judgment of Permanent

12  Injunction Against Defendants Sun Empire, LLC, ECAM, LLC a/k/a Empire

13  Capital Asset Management, Sun Investment Savings and Loan, and Sun Group,

14  and the Receiver's execution of the Consent is hereby ratified, affirmed, and

15  approved.

### VIII.

16

17  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

18  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

19  of this Final Judgment.

### IX.

20

21  There being no just reason for delay, pursuant to Rule 54(b) of the Federal

22  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

23  forthwith and without further notice.

24

25  Dated: September 21, 2010

26

27  HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

28

5