JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SUN EMPIRE, LLC, ECAM, LLC a/k/a EMPIRE CAPITAL ASSET MANAGEMENT, DELILAH A. PROCTOR, SHAUNTEL A. MCCOY, SUN INVESTMENT SAVINGS AND LOAN, SUN GROUP, BICH QUYEN NGUYEN, and JOHNNY E. JOHNSON,<br><br>　　　　Defendants,<br><br>SUN COMMERCE AND INVESTMENT, INFINITY INVESTMENT CLUB, LLC, SUNLAND INVESTMENT CLUB, LLC, RECOMMENDED SERVICES, INC., and TYCOON CLUB INTERNATIONAL, LLC,<br><br>　　　　Relief Defendants. | Case No. SACV09-399 DOC (RNBx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST BICH QUYEN NGUYEN, JOHNNY E. JOHNSON, AND DELILAH PROCTOR** |

1 Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff
2 Securities and Exchange Commission's ("Commission") Motion for Summary
3 Judgment Against Bich Quyen Nguyen and Johnny E. Johnson and the
4 Commission's Motion for Summary Judgment Against Delilah Proctor
5 (collectively "Motions") came before the Court.  The Court, having considered the
6 Commission's Motions, the Memoranda of Points and Authorities and the other
7 documents filed in support of the Motions, finds that:

**I.**

9 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the
10 Commission's Motions against Bich Quyen Nguyen, Johnny E. Johnson, and
11 Delilah A. Proctor (collectively "Defendants") are granted.

**II.**

13 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
14 Defendants and their agents, servants, employees, attorneys, and all persons in
15 active concert or participation with them who receive actual notice of this Final
16 Judgment by personal service or otherwise are permanently restrained and enjoined
17 from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.
18 § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell

       or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act

of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, in the absence of any applicable exemption engaging in the business of a broker or a dealer by making use of the mails or any means or instrumentality of interstate commerce to induce the purchase or sale of, any security (in the absence of an applicable exemption), without being associated with a broker-dealer that has been registered with the Commission.

## VI.

IT IS ORDERED, ADJUDGED, AND DECREED that Bich Quyen Nguyen ("Nguyen") and Johnny E. Johnson ("Johnson") are jointly and severally liable for disgorgement of $9,750,691.94, representing profits gained as a result of the conduct alleged in the Third Amended Complaint ("Complaint"), together with prejudgment interest thereon in the amount of $262,300.12, for a total of

$10,012,992.06. Nguyen and Johnson shall satisfy this obligation by paying $10,012,992.06 within 14 days after entry of this Final Judgment to the Court-appointed receiver in this action, Richard Weissman, 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025, and specifying that payment is made pursuant to this Final Judgment. Nguyen and Johnson shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Nguyen and Johnson shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Nguyen and/or Johnson. Nguyen and Johnson shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961

## VII.

IT IS ORDERED, ADJUDGED, AND DECREED that Delilah A. Proctor is liable for disgorgement of $3,069,424.35, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $82,569.56, for a total of $3,151,993.91. Proctor shall satisfy this obligation by paying $3,151,993.91 within 14 days after entry of this Final Judgment to the Court-appointed receiver in this action, Richard Weissman, 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025, and specifying that payment is made pursuant to this Final Judgment. Proctor shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Proctor shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Proctor. Proctor shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Nguyen and Johnson shall pay a civil penalty in the amount of $20,000,000.00 and Proctor shall pay a civil penalty in the amount of $1,200,000 pursuant to Section 20(d) of

the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Defendants shall make these payments within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Court-appointed receiver in this action, Richard Weissman, 12121 Wilshire Boulevard, Suite 600, Los Angeles, California 90025, and shall be accompanied by a letter specifying that payment is made pursuant to this Final Judgment.  The Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 12, 2011

*[signature: David O. Carter]*
_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE